UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD GALLEGOS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6636** |
| **SLIDELL POLICE DEPT., ET AL.** | **SECTION: "K" (5)** |

## MEMORANDUM AND ORDER

Before the Court is a 42 U.S.C. § 1983 action filed *pro se* and *in form pauperis* by Plaintiff Richard Gallegos, currently an inmate of St. Tammany Parish Jail, against the Slidell Police Department, the City of Slidell, and seven fictitiously named defendants. Among the seven unnamed defendants, three were members of the Slidell Police Department and the remaining four were a doctor, two nurses, and an ambulance driver.[1] Plaintiff claims that the defendants used excessive force and held the Plaintiff against his will in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments. On October 23, 2007, U.S. Magistrate Judge Alma Chasez issued a Report and Recommendation dismissing, with prejudice, claims against the Slidell Police Department and the City of Slidell pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) for being frivolous and failing to state a claim upon which relief can be granted. Report & Recommendation ("Report") (Rec. Doc. No. 4). Magistrate Judge Chasez further found that

---

[1] In his Objections to the Magistrate Judge's Report and Recommendations, the Plaintiff suggests that there were additional medical defendants. He suggests that another "John Doe" ambulance driver violated his rights, and also broadly speaks of the Slidell Memorial Hospital staff and the "Hospital Staff Baton Rouge." Objections at 8-9. Whether or not these defendants should be added to this case is of no impact to the opinion of this Court because, as is described more fully herein, he does not adequately allege concerted action with state officials to render these medical defendants as state actors.

1

"while some of the unnamed [defendants], such as the three officers from the Slidell Police Department, were obviously acting under color of state law for purposes of § 1983 liability, the other individuals cannot be said to have acted so unless it is shown that they willfully conspired with other traditional state actors." Report at 4, *citing Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). Accordingly, Magistrate Judge Chasez recommended that "the plaintiff's claims against the seven fictitiously named defendants be dismissed without prejudice unless [...] he amends his complaint to specifically identify said individuals by name and, for the unnamed defendants other than the officers from the Slidell Police Department, sets forth sufficient facts from which to conclude they were acting under color of state law." *Id.*

In response to the Report and Recommendation, Plaintiff filed Objections on November 2, 2007. In his Objections, Plaintiff names Sergeant Chris Newman and Sergeant Chris Colotta of the Slidell Police Department as defendants. Objections ("Obj.") at 7 (Rec. Doc. 5). The other defendants, including the third police officer, remain without identities. Construing the pleadings liberally, this Court will construe the identification of the two Slidell Police Department officers in Plaintiff's Objections as amendments to his Complaint for the purposes of this opinion. *See United States v. Riascos*, 76 F.3d 93, 94-95 (5th Cir. 1996) (reversing district court for failing to liberally construe pro se petitioner's "Traverse to the Magistrate's Recommendation" as a motion to amend).

The Court has conducted a *de novo* review of the Plaintiff's Objections to the Report and Recommendation as required by Rule 72 of the Federal Rule of Civil Procedure. Fed. R. Civ. P. 72. The Court has also construed the Plaintiff's complaint "under the less stringent standards applicable to *pro se* litigants." *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983), *see also*

*Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  After reviewing the complaint, the record, and the applicable law, the Court determines that all of the conclusions of the Magistrate Judge are fully supported, with the exception of the Plaintiff's objection to the Report and Recommendation where he amended his complaint to include the aforementioned named defendants, Newman and Collota.  The Court will also allow the unnamed defendant police officer to remain a party to the case.  Therefore, this Court will modify the Magistrate Judge's ruling as to Newman and Collota, and allow the claims to proceed as to these two defendants.

**ANALYSIS**

Magistrate Judge Chasez concluded that the Plaintiff's claims against the seven fictitiously named John and Jane Doe defendants be dismissed without prejudice, unless the Plaintiff amended his complaint.  The magistrate judge held that "it will be recommended that plaintiff's claims against the seven fictitiously named defendants be dismissed without prejudice unless, within thirty days, he amends his complaint to specifically identify said individuals by name and, for the unnamed defendants other than the officers from the Slidell Police Department, sets forth sufficient facts from which to conclude that they were acting under color of state law." Report at 4.

 In the Plaintiff's original complaint he brought causes of action against the following unnamed defendants: three police officers of the Slidell Police Department, an intake doctor at Slidell Memorial Hospital, an intake nurse at Slidell Memorial Hospital, a driver for Acadian Ambulance Service, and a nurse of the Baton Rouge Hospital.  The claims against the above

mentioned defendants failed to identify them by name and, except for the three unnamed police officers, the Plaintiff failed to show that the remaining defendants were acting under color of state law for purposes of a claim under 42 U.S.C. § 1983.

Plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendations in which he amended his complaint to include Defendants Newman and Colotta. In regards to the other unnamed non-officer defendants he again failed to name them and, more importantly, failed to satisfactorily show that the other unnamed defendants were acting under color of state law.

**A. Police Officer Defendants**

"In order to recover under § 1983, a plaintiff must prove (1) the he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law." *Grant v. Jones*, No. 07-0680, 2007 WL 2127705, at *2 n.1 (W.D. La. 2007), *citing Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). There is no doubt that police officers are state actors and they do appear to have been acting under color of state law during the course of the alleged harm. *See United State v. Price*, 383 U.S. 787, 86 S. Ct. 1152, 16 L.Ed.2d 267 (1966). Therefore, claims against the named officers, even the unnamed officer, may proceed because the officers can be held liable under § 1983 and because it is not necessary to name the other police officer at this moment since the remaining officer can still be named after more discovery.

Plaintiff's identification of defendants by fictitious designation are alone not grounds for dismissal. Pleadings with "fictitious designation is common when the true names of the defendants are not yet known and, in most cases, such names are learned only through the process

4

of discovery." *Gilmore v. Stadler*, No. Civ. A. 06-1509, 2007 WL 324582, at *2 (W.D. La. Jan. 31, 2007) (*citing Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 288,  91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971)), *Spock v. United States,* 464 F. Supp. 510, 518 (S.D.N.Y. 1978). Therefore, failure to identify the defendants by name is not enough to dismiss the claims.  Since amending his complaint, however, the Plaintiff has failed to show how the unnamed non-police officer defendants were acting under the color of state law for purposes of 42 U.S.C. § 1983. That failure warrants dismissal of the claims against the fictitiously identified non-police officer parties.

**B.  Medical Defendants**

"To state a cause of action under section 1983, [Plaintiff] must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).  Plaintiff alleges that two unnamed nurses, an unnamed doctor, and an unnamed ambulance driver (collectively "medical defendants") violated his federal rights.  To determine if a private actor is acting "under color of law[,] . . . the critical inquiry [is] whether 'the alleged infringement of federal rights [can be] fairly attributable to the State." *Cornish v. Correctional Services Corp*., 402 F.3d 545, 549 (5th Cir. 2005); *quoting Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

The Supreme Court has held that medical professionals can be directly characterized as state actors, and therefore held liable under § 1983.  In *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed 2d 40 (1988), the plaintiff, an injured prisoner, was sent to visit a private physician who was under contract with the state to provide orthopedic services to inmates within

the prison. *Id.* at 43, 108 S.Ct. at 2252. The physician treated the plaintiff's injury but refused to schedule a necessary surgery that would be necessary to treat the torn tendon. *Id.* at 44, 108 S.Ct. at 2253. Pursuant to 42 U.S.C. § 1983, the plaintiff brought a *pro se* action against the physician claiming that the doctor violated his Eighth Amendment right to be free from cruel and unusual punishment. The Supreme Court, in reversing the lower court, reasoned that because the State had the "affirmative obligation to provide adequate medical care to [plaintiff]; the State [had] delegated that function to [the physician]; and [the physician] voluntarily assumed that obligation by contract," and therefore, the physician was acting under color of state law while treating the plaintiff. *Id.* at 56, 108 S.Ct. at 2259.

In subsequent cases, however, private physicians acting in a private capacity have been found not to be state actors – even when treating state prisoners. In *Grant v. Jones*, No. 07-068, 2007 WL 2127705, at *1 (W.D. La. 2007), the court held that an unnamed private physician and his unnamed assistant were not state actors for purpose of 42 U.S.C. § 1983 when the incarcerated *pro se* plaintiff was punctured with a scalpel the physician's private clinic. In contrasting *West v. Atkins*, the court found that the private physician and assistant did not have a sufficient relationship with the state to suggest that they were state actors because they were not acting under contract of the state and did not treat the plaintiff within the confines of the prison. *Id* at *2 n.1. The present case more resembles *Grant*: the Plaintiff does not allege that the medical defendants treated him pursuant to a contract with a government entity, and he apparently was not treated at a police station or jail but at a hospital. Therefore, the unnamed medical defendants cannot be directly characterized as state actors, but rather are private citizens.

Despite the medical defendants' status as private citizens, there are still exceptions where private citizens may still be held liable under § 1983.  "For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors."   *Priester*, 354 F.3d at 420.  A private citizen may be held liable as a state actor if "he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982).  The Court in *Lugar* compiled three tests relevant to this case that are used to determine whether conduct by a private actor may be attributable to the state for purposes of liability under § 1983: "the 'public function' test; the 'state compulsion' test; [and] the 'nexus' test."  *Id.* at 939, 102 S.Ct. at 2754-55 (internal citations omitted); *see Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (listing tests cited in *Lugar*).

Under the "public function" test, the Plaintiff must show that the "state action is present in the exercise by a private entity of powers traditionally exclusively reserved to the state." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974).  The Exercising powers such as conducting elections or operating a municipal park are the types of functions that are traditionally reserved exclusively to the state.  *Id.*, *citing Nixon v. Condon*, 286 U.S. 73, 52 S.Ct. 484, 76 L.Ed. 984 (1932) (election); *Terry v. Adams*, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953) (election); *Evans v. Newton*, 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966) (municipal park).  The provision of medical services within a hospital, as performed by the defendant physician, nurses, and ambulance driver in this case, is certainly not the exclusive prerogative of the state.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 243 (5th Cir.

1999) (holding participation by physicians in civil commitment proceedings was not a "traditionally exclusive public function for purposes of the state action analysis"); *Hutchinson v. Bingham County*, No. CV-0613-E-BLW, 2006 WL 1876675, at *2 (D. Idaho July 5, 2006) (dismissing complaint against physician where "governments traditionally administer hospitals but it is not their *exclusive* domain") (emphasis added).  Therefore, the Plaintiff cannot succeed in holding the medical defendants liable under the "public function" test.

There is also nothing to establish that the private defendants were engaged in a conspiracy with state officials under the "state compulsion" test.  This test requires that the state "exercise[] coercive power or has provided such significant encouragement, either overt or covert, that the [action] must in law be deemed that of the State." *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982).  In the present case, the Plaintiff has failed to show that there was any state law in place that would compel the medical defendants to act in the manner that they did.  None of Plaintiff's allegations suggest that these defendants took action due to the direction of the police officers.  It is much more likely that these persons took action pursuant to the regulations of the hospital, using their own judgment of the propriety of their actions in the medical setting.  *See Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5-6 (1st Cir. 2005) (holding private health care providers not to have acted by state compulsion in committing defendant where statutory scheme "does not compel or encourage involuntary commitment . . . [r]ather, it merely provides a mechanism through which private parties can, in their discretion, pursue such commitment.").

The Plaintiff also cannot establish that the defendants were state actors under the "nexus test."  Under this test, it must be shown that the action of the private party constitutes state action

where "there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Jackson,* 419 U.S. at 351.  For example, in *Lugar,* the Court found state action based on a statute unconstitutionally authorizing the sheriff to attach a debtor's property on the basis of an *ex parte* writ, holding that "a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." *See Lugar*, 457 U.S. at 941.  The Plaintiff has offered no allegation suggesting that the medical defendants were in "joint participation" with state officials, nor is there any allegation that the state or police officer defendants here were intimately involved in the treatment of the Defendant.  *See Estades-Negroni*, 412 F.3d at 6 (dismissing complaint where it "[did] not allege that the state was in any way, much less intimately, involved in the initial decision to pursue involuntary commitment" of the plaintiff); *Bass*, 180 F.3d at 242 (holding hospital was not state actor under nexus test by merely participating in commitment proceedings or by being subject to state regulation).

Therefore, there is nothing in the Complaint to suggest that the physicians, nurses, or ambulance driver were under contract, control, had significant aid from, or its actions were otherwise chargeable to the state.  Even assuming that the Plaintiff was in police custody while being treated, an allegation that does require this Court to construe the Plaintiff's pleadings liberally, the unnamed medical defendants seem to be no more that private citizens, working within private employment, and performing the duties by their own judgment and not those of the police.  The above claim is not enough to warrant that the unnamed defendants were acting under color of state law for purposes of a § 1983 suit.

9

### C. Additional Discovery

The Plaintiff has also requested additional time for discovery to identify the remaining police officer defendant. "A plaintiff should be given an opportunity through discovery to determine the identity of a defendant; if the plaintiff fails to name the defendant after a reasonable period of time, the claim is subject to dismissal for failure to prosecute." *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion). Discovery is generally denied where the plaintiff has either been afforded ample discovery by the defendant, or the case has been pending long enough that the defendant should have sought discovery. *See Davila v. Lynaugh*, 20 F.3d 469 (5th Cir. 1994) (unpublished opinion) (denying further discovery to *pro se* litigant where "[t]he record shows that the names of all officers involved in the use-of-force incident were revealed to [plaintiff] in the defendant's motion for summary judgment."); *Hittle*, 1 F.3d at 1236 (reversing dismissal of unnamed defendant where plaintiff's action had been pending only four months). Here, the Plaintiff's claim has been pending for six months, and he apparently has not been afforded any discovery as of yet. Furthermore, the fact that Plaintiff has pled the identities of two of the officers suggests that the third officer should be identifiable. Considering the liberal pleading standard for *pro se* litigants, the Plaintiff should also be allowed to amend his Complaint once the identity of the third officer is available. *Wright v. El Paso County Jail*, 642 F.2d 134, 136 n.3 (5th Cir. 1981) (holding liberal pleading standard for *pro se* litigants warranted allowing plaintiff to amend his complaint to name defendants "as their actual identities become available through discovery").

**CONCLUSION**

For the reasons stated herein, accordingly,

**IT IS ORDERED** that the Plaintiff's claims against Sergeants Chris Newman, Chris Colotta, and the third unnamed officer may proceed, and that the Plaintiff be permitted to amend his Complaint to name Sergeants Newman and Colotta; and

**IT IS FURTHER ORDERED** that the Plaintiff be permitted discovery to determine the identity of the third unnamed officer; and

**IT IS FURTHER ORDERED** that the claims against the unnamed doctor, the unnamed ambulance driver, and the unnamed nurses be **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED** that the claims against the City of Slidell and the Slidell Police Department be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  18th   day of April, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**